UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY XAVIER HOUSTON,<br><br>Petitioner,<br><br>v.<br><br>MONTEREY COUNTY JAIL,<br><br>Respondent. | Case No. 21-cv-05043-JST<br><br>**ORDER OF DISMISSAL**<br>Re: ECF Nos. 1, 8 |

Petitioner, a state prisoner incarcerated at North Kern State Prison, filed this petition for a writ of habeas corpus. ECF No. 1. For the reasons set forth below, the Court DISMISSES this action for failure to state a cognizable federal habeas claim and for lack of federal habeas jurisdiction. Petitioner's request to proceed *in forma pauperis* is GRANTED. ECF No. 8.

**DISCUSSION**

**I.    Background**

Petitioner pled no contest to grand-theft and is serving a two-year sentence. ECF No. 1 at 2. The petition is a catalog of various wrongs Petitioner has allegedly suffered. He alleges that he is not guilty of grand theft because when he demanded money from the liquor store employees, he did not use a weapon or threaten violence and because he would have walked out if the employees refused to give him money. He complains at length about the prison conditions in Monterey County Jail, where he was previously housed. He alleges that the sheriff threatened his life on two occasions; inmate discrimination is tolerated and ignored; the cells in the Sensitive Needs Yard are "not fundamental living spaces"; he suffered injury from the conditions in Monterey County Jail; there were no winter-appropriate warm garments made available to him; the medical care is despicable; he has been assaulted and bullied by other inmates; there is a lack of communication

1  between staff and inmates; he went without cold drinking water for 70 days and suffered
2  dehydration as a result; he had to wait three weeks for a nurse to treat his migraines; he had
3  limited access to tablets and the television due to jail bullies taking the tablets and the television
4  remote control; his back and foot are injured from being in a cell 21 hours a day without a proper
5  chair or desk; he was poisoned by inmates; the television volume was so loud that it constituted
6  torture; he was stabbed by a "brown handle"; he was called a "wood"; he has extensive injuries;
7  the protective custody cells are unsafe and cause him injury; he is unable to purchase shoes from
8  the canteen; and he was given gas pills for the flu. *See generally* Dkt. No. 1.

## II.  Dismissal for Failure to State a Claim and for Lack of Habeas Corpus Jurisdiction

The Court must dismiss this action both for failure to state a claim and for lack of habeas corpus jurisdiction. Petitioner has raised a claim challenging the validity of his confinement, i.e. claiming that he is not guilty of grand theft, and has raised additional claims challenging the conditions of his confinement.

Petitioner's claim that he is not guilty of grand theft is not cognizable on federal habeas because he pled no-contest to this charge. A defendant who pleads no-contest or guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before his plea. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same).[1]

Plaintiff's claims regarding the conditions of his confinement may not be raised in a petition for a writ of habeas corpus and must be raised in a civil rights action. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as

---

[1] The only challenges left open in federal habeas corpus after a no-contest or guilty plea are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). If Petitioner is seeking to challenge either the voluntary and intelligent character of his plea or the nature of the advice of counsel to plead no-contest, he may file a motion to reopen this action. Any such motion must be accompanied by a proposed amended petition that states a cognizable claim federal habeas claim challenging the no-contest plea.

amended, 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*  Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent.  *See Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).  Petitioner's complaints regarding his conditions of confinement do not challenge either his no-contest plea or the length of his sentence.  Success on these claims would not result in his release from prison or shorten his stay in prison.  Accordingly, Petitioner should bring these claims in a civil rights action instead, if the conditions violate the federal Constitution or federal law.[2]

---

[2] A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983.  *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *superseded by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, as recognized in *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  However, the Court declines to do so here for the following reasons.

The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here.  Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.  A habeas action differs in many ways from a civil rights action: (1) a habeas petitioner has no right to a jury trial on his claims; (2) the Court may be able to make credibility determinations based on the written submissions of the parties in a habeas action; (3) state court (rather than administrative) remedies must be exhausted for the claims in a habeas action; (4) the proper respondent in a habeas action is the warden in charge of the prison, but he or she might not be able to provide the desired relief when the prisoner is complaining about a condition of confinement; and (5) damages cannot be awarded in a habeas action.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different

**III.    Denial of Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has not made such a showing with respect to his claim that he is not guilty of grand theft, and, accordingly, a certificate of appealability will be denied on this claim.

**CONCLUSION**

The Court orders as follows.

1.      Petitioner's motion to proceed *in forma puaperis* is GRANTED.  ECF No. 8.

2.      For the reasons set forth above, the Court DISMISSES Petitioner's claim that he is not guilty of grand theft for lack of federal habeas jurisdiction; DENIES a certificate of appealability for this claim; and DISMISSES his claims regarding his conditions of confinement at Monterey County Jail without prejudice to raising them in a civil rights action under 42 U.S.C. § 1983.

3.      The Clerk shall include two copies of the court's civil rights complaint form with a copy of this order to Petitioner**.**

/ / /

/ / /

/ / /

---

filing fees and the absence of information pertinent to civil rights claims on a habeas form.

4

This order terminates ECF No. 8.

**IT IS SO ORDERED.**

Dated: January 28, 2022



JON S. TIGAR
United States District Judge